UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In Re 2000 Sugar Beet Crop Insurance Litigation | ) | Civil Nos. 01-CV-1629<br>01-CV-1630<br>01-CV-1631<br>01-CV-1632<br>01-CV-1633<br>01-CV-1634<br>01-CV-1635<br>01-CV-1636<br>01-CV-1637<br>01-CV-2242 |

**FCIC MEMORANDUM IN OPPOSITION TO MOTION TO REINSTATE**

The Federal Crop Insurance Corporation (FCIC) opposes the defendants' motion to reinstate their third party complaints against the FCIC in the lawsuits brought by the growers against the defendant-insurers. The Court should deny the motion without prejudice. Whether to grant or deny the motion lies within the sound discretion of this Court. The Court should exercise its discretion and deny the motion because it is premature.

**ARGUMENT**

**A. THE DECISION ON THE MOTION IS DISCRETIONARY.**

In their motion papers, defendants suggest the Court is obligated to grant the motion because of the Eighth Circuit's ruling in the *NCIS* action. On the contrary, the motion to reinstate lies within this Court's informed discretion for several reasons.

First, the motion to reinstate is akin to a motion to amend under Rule 15 which motions are typically non-dispositive. The dismissals of the third party actions were without prejudice. The

indemnification claims asserted in the third party complaints were not required to be brought in these cases in the first place and remain inchoate until such time as a defendant is found liable to a plaintiff; thus, these third party claims remain optional. If and when the insurers are found liable, and assuming they fulfill all jurisdictional prerequisites such as exhaustion, they can bring their claims against the FCIC. Therefore, the Court has the discretion to deny the motion to reinstate.

Second, the Eighth Circuit's ruling in the *NCIS* case does not *require* this Court to reinstate the third party complaint. While related and consolidated with the cases before the Court on this motion, the *NCIS* case is nevertheless a separate case. Defendants concede this by pointing out that the dismissal in the *NCIS* case resolved the entire case and made it appealable. By contrast, the dismissal of the third party complaints in these growers' case was interlocutory. That dismissal did not resolve all the claims of all the parties. Moreover, in its separate order, the district court compelled arbitration but retained jurisdiction pending the arbitration. Significantly, none of the defendants in these growers' cases sought certification under Rule 54(b) to take an appeal from the dismissals of their third party complaints and no defendant in these growers case did take an appeal. Having not sought to appeal the dismissals in the growers' cases, the insurers should not now be given the benefit such an appeal may have

attained. Therefore, the Eighth Circuit ruling in the separate *NCIS* case does not require reinstatement of the third party claims.

The law of the case doctrine does not apply. Because the *NCIS* case is a different and separate case, the law of the case doctrine does not apply. *Harbor Ins. Co. v. Essman,* 918 F.2d 734, 738 (8th Cir. 1990). Moreover, to the extent the Eighth Circuit may have alluded to the third party actions in the *NCIS* case, such statements amounted to *dicta* because these cases were not before the Eighth Circuit in *NCIS.* The law of the case doctrine does not apply to *dicta*. *John Morrell & Co. v. Local 304A of the United Food & Comm. Workers*, 913 F.2d 544, 550 (8th Cir. 1990), *cert. denied*, 500 U.S. 905. Finally, the law of the case doctrine itself, as a rule of practice, is a matter of discretion, not a limit on this Court's power. *Arizona v. California*, 460 U.S. 605, 618 (1983). For all these reasons, this Court is not obligated to reinstate the third party actions.

**B. JUSTICE REQUIRES DENIAL OF THE MOTION TO REINSTATE.**

Substantial justice dictates that the Court deny the motion to reinstate. First, the growers' cases to which the insurers seek to add the FCIC have been the subject of a lengthy arbitration procedure to which the FCIC was not a party. It would be unfair and prejudicial to add the FCIC to this dispute at this stage. Presumably, the present parties will be bound by the factual findings of the arbitration panel (unless they are overturned by

this Court) and it would be unjust to bind the FCIC to facts that it had no chance to litigate or arbitrate.

Perhaps more fundamentally, reinstatement of the third party claims against the FCIC would be anathema to the orderly working of the federal crop insurance program, an integral part of which is embodied in the concept of exhaustion. Before the insurers may sue the FCIC for reimbursement of payments made to the growers, the insurers must first present those reimbursement claims to the FCIC. 7 U.S.C. § 6912(e); 7 C.F.R. 24.4; 7 C.F.R. § 400.169. In the event the FCIC reimburses the insurers, the matter would be concluded and there would be no need for further litigation administratively or in court. In the event the insurers are not satisfied with any proposed reimbursement by the FCIC, they can seek relief from the Board of Contract Appeals ("BCA"). Adverse BCA rulings may be attacked in court. The central purpose of this scheme is to allow the agency to adjudicate the claims and to avoid the need to litigate in court. Full exhaustion also benefits the Court because it allows the agency to express its view on the matters presented to it, particularly with respect to the insurance coverages the federal government has agreed to pay. Congress obviously desired that exhaustion occur. If the Court grants the motion to reinstate, not only it will have to address the claims, but it will have to resolve this dispute without the benefit of the agency's view of this matter under this federal program.

Finally, in the absence of final agency action on any claims for reimbursement by the insurers, the third party actions are not ripe. The gravamen of the third party complaints is for indemnification from the FCIC. In the absence of presentment of the claims to the FCIC and final action on such claims, such actions for indemnification are not ripe. The Eighth Circuit itself raised ripeness and potential mootness concerns. *NCIS v. FCIC*, 351 F.3d 346, 350 (8th Cir. 2003). Indeed, the insurers admit their actions are not ripe because they have asked that their third party claims be stayed once reinstated. The insurers have not argued that any prejudice would befall them were the motion to reinstate denied. In the absence of ripe claims, this Court does not have subject matter jurisdiction over the third party complaints and, therefore, should deny the motion to reinstate without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court should deny the motions to reinstate without prejudice.

Date: June 7, 2004

THOMAS B. HEFFELFINGER
United States Attorney

s/Friedrich A.P. Siekert

BY: FRIEDRICH A. P. SIEKERT
Assistant U.S. Attorney
Attorney ID No. 142013
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
Attorneys for FCIC