STATE OF INDIANA ) IN THE MARION CIRCUIT COURT
) SS:
COUNTY OF MARION ) CAUSE NO. 49C01-0310-PL-002942

SALLY MCCARTY, as Insurance Commissioner of the State of Indiana,

Plaintiff

vs.

IGF INSURANCE COMPANY,

Indianapolis, IN

Defendant

FILED
147
JUL 16 2004
CLERK OF THE
MARION CIRCUIT COURT

**ORDER CONCERNING LIQUIDATION PROCEDURES, CLAIMS AND NOTICES**

On April 29, 2004, Indiana Insurance Commissioner Sally B. McCarty, as Rehabilitator of IGF Insurance Company ("IGF"), filed the Rehabilitator's Recommendations Concerning Liquidation Procedures, Claims and Notices ("Recommendations"). The Recommendations were considered by the Court at the July 16, 2004 hearing on the Rehabilitator's First Accounting and Petition for an Order of Liquidation and Related Relief ("Liquidation Petition"). The Rehabilitator appeared by her Special Deputy Rehabilitator and by counsel and presented arguments in support of the Recommendations. Having considered the Recommendations and being fully advised, the Court finds that the Recommendations should be approved.

**IT IS, THEREFORE, ORDERED** that:

1. The Proof of Claim form attached as Exhibit B to the Recommendations is approved.

2. The Claim Settlement Agreement form attached as Exhibit E to the Recommendations is approved.

3. The "Bar Date" for the filing of claims against the estate of IGF is established as March 31, 2005. Any person or entity wishing to make a claim of any sort against IGF shall mail to the Liquidator a properly executed Proof of Claim, with supporting documentation, postmarked **NO LATER THAN MARCH 31, 2005.**

4. All other recommendations contained in Section II of the Recommendations are hereby approved.

5. The Notice forms attached to the Recommendations as Exhibits C and D are hereby approved.

6. The Liquidator is directed to mail, by regular first class United States mail, postage prepaid, within twenty (20) days of the Court's entry of the Order of Liquidation, a copy of the short form Notice (attached hereto as Exhibit C), the more detailed Notice (attached hereto as Exhibit D), a copy of the Order of Liquidation (as entered by the Court), and a copy of the Proof of Claim form to the last known address as indicated in IGF's records, or the records of the Liquidator, for the following groups of persons:

A. The Insurance Commissioners of each state in which IGF is doing business and the National Association of Insurance Commissioners;

B. Former officers and directors of IGF;

C. Current officers and directors of Symons International Group, Inc., the parent corporation of IGF;

D. The National Conference of Insurance Guaranty Funds (NCIGF); the Indiana Insurance Guaranty Association, and any other guaranty fund or association that is or may become obligated as a result of a liquidation of IGF;

E. The Federal Crop Insurance Corporation;

F. All insurance producers of IGF;

G. All persons known or reasonably expected to have claims against IGF, including all policyholders on any policies which were in effect within two (2) years of the date the Order of Rehabilitator was entered;

H. Parties or their counsel of record in pending litigation and claims involving IGF or its insureds;

I. Reinsurers of IGF; and

J. The Recorder's Offices of Polk County, Iowa and Otter Tail County, Minnesota.

7. The Liquidator is directed to cause the short form Notice (Exhibit C, modified to delete the reference to all enclosures) to be published once in a newspaper of general circulation in Indianapolis, Indiana within twenty (20) days of the Order of Liquidation being entered against IGF.

8. Upon completion of the mailings and publications required by paragraphs 5 and 6 above, the Liquidator is directed to file with the Court a Certificate of Compliance identifying the groups of persons to whom mailings were made and the dates thereof, the names of the newspapers in which publications were made and dates thereof, and the amount of costs incurred in printing, mailing and publishing.

9. The Court finds that the mailings and publications required by paragraphs 5 and 6 above constitute the best notice practical of the Order of Liquidation and of the rights and duties of the interested persons with respect thereto, and meets the requirements of due process concerning such notice.

10. All other recommendations contained in Section III of the Recommendations are hereby approved.

11. All recommendations, requests and actions of the Rehabilitator as described in Section IV of the Recommendations as to the Injunctive Order are herby approved, as specifically set forth in the Order of Liquidation entered concurrently herewith.

12. The recommendations, requests and actions of the Rehabilitator as described in Section V of the Recommendations concerning claim adjudication and claim settlement are hereby approved, including but not limited to the following:

a. the procedure for filing claims against IGF;

b. the procedure for review of such claims by the Liquidator and the issuance of a Claim Recommendation;

c. the procedure by which notice is to be given to each claimant as to the Claim Recommendation and the right of the claimant to assert a Response within sixty (60) days;

d. the procedure for considering settlement of a claim, to which a timely Response has been asserted, including approval of the Claim Settlement Agreement form (Attached hereto as Exhibit E);

e. the procedure for Court resolution of disputed claims; and

f. the procedure for submittal of claims for Court review and approval and subsequent payment on such claims as approved by the Court in accordance with Ind. Code §27-9-3-40.

13. The recommendations, requests and actions of the Rehabilitator described in Section VI of the Recommendations concerning reinsurance are hereby approved. The Court directs all reinsurers to cooperate with the Liquidator in accordance with IGF's reinsurance contracts or treaties. In accordance with Ind. Code §27-9-3-30.1, the Court directs that all payments by reinsurers be

made directly to the Liquidator on the basis of the liability of the reinsurers, without regard to the insolvency of IGF.

14. The Liquidator is directed to not make any tax payments to any state, city, or local taxing authority, nor prepare and file state, city, county or local income, personal property or other tax returns until claims in Classes 1 through 5 are fully paid

15. All other recommendations, requests and actions of the Rehabilitator described in Section VII of the Recommendations concerning miscellaneous matters are herby approved.

16. This Court determines that there is no just reason for delay and, in accordance with Rule 54(B) of the Indiana Rules of Trial Procedure, this Order of Liquidation is entered as a FINAL JUDGMENT.

Date: JUL 16 2004

Theodore M Sosin

JUDGE, MARION CIRCUIT COURT

COPIES TO:

Robert F. Wagner
Theodore L. Nicholas
LEWIS & WAGNER
501 Indiana Avenue
Suite 200
Indianapolis, IN 46204

All other persons entitled to notice pursuant to this Order and Ind. Code § 27-9-3-10.



OFFICIAL CERTIFIED COPY
C01
TRUE AND COMPLETE
CLERK OR DEPUTY
DORIS ANNE SADLER CLERK OF COURTS