Exhibit B

USDA

United States Department of Agriculture

Farm and Foreign Agricultural Services
Risk Management Agency

**BULLETIN NO.: MGR-01-010**

TO: All Reinsured Companies
All Risk Management Field Offices
All Interested Parties

FROM: Phyllis W. Honor /s/ Phyllis Honor 3-2-01
Acting Administrator

SUBJECT: Insurability of Sugar Beets Affected by Adverse Weather Conditions in 16 Southern Minnesota Counties

**ISSUE:**

Whether 2000 crop year sugar beets affected by drought, freeze, or other insurable causes during the insurance period that later manifested damage after being delivered to the processor are insurable.

**BACKGROUND:**

RMA was recently notified that a freeze occurred October 6-10, 2000, in Southern Minnesota, which included the counties of Big Stone, Brown, Chippewa. Kandyohi, Lac Qui Parle, McLeod, Meeker, Nicollet, Pope, Redwood, Renville, Sibley, Stearns, Stevens, Swift, and Yellow Medicine. The freeze was followed by warmer temperatures causing the sugar beets to freeze and thaw before harvest. According to sugar beet experts, freezing and thawing of sugar beets causes accelerated tissue cell damage and sugar loss. Damaged tissues become susceptible to microorganisms that greatly increase the decomposition of sucrose, reducing the sugar content level within affected sugar beets. Experts have indicated that this internal damage is not readily apparent to the producer and is generally not detected until processing of the affected sugar beets. In this case, producers harvested their sugar beets and delivered them to the processor where they were piled and commingled with other producers' sugar beet production. Damage manifested itself during the storage period between delivery and processing.

RMA

1400 Independence Ave., SW * Stop 0801 * Washington, DC 20250-0805

The Risk Management Agency Administers and Oversees
All Programs Authorized Under the Federal Crop Insurance Corporation

An Equal Opportunity Employer

111264

01-CV-1629, et al.

PLAINTIFFS'
EXHIBIT
43

EXHIBIT DX18

In order to ascertain the facts surrounding 2000 crop year sugar beet losses, RMA's Deputy Administrator for Compliance conducted a review into the questions surrounding damage to sugar beets in Southern Minnesota. The review was conducted as quickly as possible, and in full consultation with the Department of Agriculture's Office of the General Counsel and sugar beet experts. The review sought only to identify those issues relevant to cause of damage and insurability of the sugar beets in question. This review concluded the following:

**RMA NOTICE OF LOSS REQUIREMENTS** – According to reinsured company officials interviewed, notices of loss were generally not made by the insureds or by the processor within 72 hours of the freeze, during the harvest periods or before the end of the insurance period. The end of the insurance period for sugar beets was November 15, 2000; therefore, the final date to report losses would have been December 1, 2000 under terms of the policy. However, virtually all sugar beets had been delivered to the processor, accepted, and commingled in piles by late October. The commingling of sugar beets in piles makes loss adjustment by policy based on RMA procedures extremely difficult because insured producers lose identity of their individual production once it is delivered to the processor.

**CAUSES OF LOSS** – The sugar beets were generally affected by insurable causes arising in the insurance period, including stress from dryness and severe freeze/thaw conditions. Some damage and loss of storability resulted from these adverse conditions. In addition, some damage may have occurred after the beets were in the storage piles due to adverse weather for beet storage throughout October, and possibly other causes.

Lack of moisture during the growing season – The sugar beet growing area generally had less than two inches of rain during August and September 2000. According to the University of Minnesota Extension Service, this lack of rainfall adversely affected sugar beet canopies. The sugar beets were under stress due to the lack of moisture, however, this may not have been visible or evident through commonly performed quality tests at the time the sugar beets were delivered to the processor.

Frost/thaw – Between October 6-10, 2000, Southern Minnesota experienced a frost/thaw cycle. Low-lying areas may have been affected more than higher elevation areas. Eastern counties experienced the most extensive freeze damage. Northern counties received a hard frost, and in the south and west the lack of rainfall prior to the freeze resulted in less dense foliage. Due to the severity of localized conditions, sugar beet damage varied from county to county. Overall, the lack of late season moisture had an adverse effect on the entire crop.

High Temperature – After the freeze, temperatures were unseasonably warm. It is unclear to what degree these higher temperatures may have adversely affected the sugar beet crop following the frost/freeze and the lack of moisture.

Conclusion – According to a professor at North Dakota State University, drought stressed beets subjected to an early freeze/thaw cycle in the field and subsequent warm temperatures during harvest and storage would be highly susceptible to rapid deterioration in the piles.

**POLICY REVIEW** – Additionally, the following issues have arisen in connection with these damaged sugar beets:

Whether the damage is insurable – The insurance period ended when the sugar beets were harvested but not later than November 15, 2000, in the counties at issue. Sugar beets that were harvested on or before October 6, 2000, would not have had the freeze and thaw affect them after the insurance period had ended and any damage to such sugar beets would not be insurable. Sugar beets that were harvested after October 6, 2000, may have suffered an insurable cause of loss within the insurance period; and

Whether the sugar beets were damaged – We understand that the producer delivered the sugar beets, the tonnage and sugar content exceeded the minimum standards in the processor contract. However, section 13(e) of the Sugar Beet Crop Provisions states, "Harvested production or unharvested production that is appraised after the earliest delivery date that the processor accepts harvested production and that does not meet the minimum acceptable standards contained in the sugar beet processor contract due to an insured peril will be converted to standardized tons..." There is nothing in this provision that states when the appraisal must occur to determine whether the sugar beets meet the standards, as long as it is after the first date that the processor accepts delivery. A reasonable interpretation of this provision is that the appraisal by the processor at the time of processing should apply, not the appraisal at the time of delivery, because freeze and thaw damage that occurred before harvest can manifest itself after delivery according to a USDA sugar beet expert. Therefore, producers whose sugar beets fail to meet the minimum standards in the processing contract at the time of processing may be eligible for an adjustment in accordance with section 13(e); and

Whether insurance is precluded because producers failed to comply with the notice of damage or loss provisions in the Basic Provisions – Section 14(a)(2) of the Basic Provisions requires the producer to provide a "...notice within 72 hours of initial discovery of damage (but not later than 15 days after the end of the insurance period)." However, since the damage to the sugar beets was not apparent when delivered, damage from the freeze and thaw, an insured cause of loss, may not have been discovered until the sugar beets were processed. Those producers whose sugar beets were not processed until after December 1, 2000, could not have discovered and reported the damage or loss by the December 1, 2000, deadline. Since compliance with the Basic Provisions for such producers was impossible, the requirement that notices of damage or loss be filed by December 1, 2000, may not be enforceable against these producers.

**ACTION:**

RMA believes that the type of losses experienced by the Minnesota producers in the above listed counties were contemplated under the Sugar Beet Crop Insurance Provisions when RMA elected to cover freeze as a cause of loss. Sugar beet experts assert that freeze damage did not manifest itself until after the end of the insurance period and following delivery of the affected sugar beets to the processor. In this case, RMA will reinsure any such 2000 crop year sugar beet losses that the reinsured companies elect to pay in these affected counties. RMA notes that it is solely the reinsured company's decision with respect to payment of these claims. RMA does not in any manner direct or obligate reinsured companies to pay these claims.

For any sugar beet claim that a reinsured company elects to pay, the producer must meet the requirements contained in section 14(e) of the Basic Provisions for establishing that the loss of production was directly attributed to an insurable cause of loss, the cause of loss occurred during the insurance period, and the total production or value received for the production.

To determine whether the sugar beets suffered an insurable loss, producers must provide:

1. All harvest and delivery records; and

2. Affidavits or other evidence establishing that the producer's sugar beets were frozen; and

3. Processing records for each load of sugar beets delivered by the producer to the processor.

If any reinsured company experiences difficulty in calculating or separating the amount of sugar beet production for individual insures as a result of commingling sugar beet production after it was delivered to the processor, the reinsured company may contact RMA for assistance in locating experts to provide assistance in making these determinations.

**DISPOSAL:**

This RMA Manager Bulletin is for the purpose of transmitting information and is applicable only to the factual situation that occurred in Big Stone, Brown, Chippewa, Kandyohi, Lac Qui Parle, McLeod, Meeker, Nicollet, Pope, Redwood, Renville, Sibley, Stearns, Stevens, Swift, and Yellow Medicine Counties, Minnesota and is applicable only for the 2000 crop year for sugar beets, and the disposable date is July 2, 2001.