UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re 2000 Sugar Beet Crop Insurance Litigation | No.: 01-CV-1629<br><br>**RURAL COMMUNITY INSURANCE SERVICES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**<br><br>**ORAL ARGUMENT REQUESTED** |

Intervenor Rural Community Insurance Services ("RCIS") respectfully submits this memorandum of law in support of its Motion to Intervene to assert claims for indemnification and other relief against the Federal Crop Insurance Corporation ("FCIC") in the above-captioned consolidated litigation. The underlying factual and legal bases for RCIS' claims against the FCIC are identical to the factual and legal bases for the claims that have already been asserted by Defendants against the FCIC, and which have been stayed pending resolution of the underlying insurance claims. Thus, RCIS is simply seeking to intervene in these proceedings in order to pursue its indemnification claims against the FCIC along with all of the other similarly situated insurers.

## FACTUAL BACKGROUND

These consolidated cases originated from claims asserted by grower-insureds against their insurers under their multiple-peril crop federal insurance ("MPCI") policies, as well as various state law claims they asserted, that arose from the alleged loss of their 2000 sugar beet crop. On September 17, 2001, along with their Answer to the grower-insureds' claims, Defendants filed and subsequently served Third-Party Complaints upon FCIC alleging, among

other things, that its March 2, 2001 Manager's Bulletin, MGR-01-010, regarding the 2000 sugar beet crop altered the terms of Defendants' insurance agreements with the grower-insureds. On April 10, 2001, National Crop Insurance Services, Inc. ("NCIS") along with two insurers which are defendants herein—Farmers Alliance Mutual Insurance Company and Alliance Insurance Company—filed a separate action against FCIC in the United States District Court for the District of Kansas, also alleging, among other things, that the Manager's Bulletin altered the terms of the MPCI agreements with the grower-insureds ("NCIS action"). The NCIS action was transferred to this Court, renumbered as 01-CV-2242, and thereafter consolidated with the grower-insureds' actions.

The FCIC moved to dismiss the NCIS action as well as Defendants' Third-Party Complaints. By order filed on September 27, 2002, this Court granted these motions, holding (1) Defendants were required to exhaust their administrative remedies before the Board of Contract Appeals, and (2) Defendants' failure to exhaust those remedies divested the Court of jurisdiction over Defendants' claims against FCIC. In Re 2000 Sugar Beet Crop Ins. Litig., 228 F. Supp. 2d 999, 1007 (D. Minn. 2002). The Court dismissed Defendants' Third-Party Complaints against the FCIC, as well as the separately-filed NCIS action against the FCIC. Id.

The Court's order for dismissal effectively terminated the NCIS action and represented a final judgment from which appeal was taken in accordance with 28 U.S.C. § 1291. In contrast, the Court's dismissals of Defendants' third-party claims against the FCIC did not constitute termination of those actions and, therefore, were not yet ripe for appellate review. Mooney v. Frierdich, 784 F.2d 875, 875-76 (8th Cir. 1986) (citing Moorhead Constr. Co. v. City of Grand Forks, 508 F.2d 1008, 1011 n.1 (8th Cir. 1975)).

The Eighth Circuit subsequently reversed and remanded the NCIS action with instructions to stay the claims against the FCIC pending the outcome of the underlying claims asserted by the Plaintiff Insureds in the above-captioned consolidated cases. National Crop Ins. Servs., Inc. v. Federal Crop Ins. Corp., 351 F.3d 346, 350 (8th Cir. 2003).

Following remand by the Eighth Circuit, Defendants in the above-captioned consolidated litigation brought a Motion to Reinstate and Stay Third-Party Complaints Against Federal Crop Insurance Corporation. By order dated June 16, 2004, the Court granted said motion for the same reasons outlined by the Eighth Circuit in the above-cited opinion, reinstated the third-party complaints, and stayed the Third-Party Complaint pending the outcome of the underlying actions. Defendants' Third-Party Complaints have remained stayed through the present time.

The underlying actions have been resolved, and Defendants now intend to request the Court to lift the stay as to these third-party claims against the FCIC.

RCIS, like Defendants, was a provider of crop insurance under the federal multiple peril crop insurance program in accordance with the terms of the MPCI policies authorized by the federal government, published as regulations of the United States, and reinsured by the FCIC. RCIS was named as a defendant in litigation that was originally removed at the same time as the above-captioned consolidated litigation was removed from state court to this Court. However, the case involving RCIS, which had been assigned docket number 01-CV-1688, was remanded back to state court before RCIS had asserted any claim for indemnification against the FCIC. The dispute between RCIS and its insureds has since been resolved, and RCIS now wishes to assert claims for indemnification directly against the FCIC as part of the above-captioned consolidated litigation. See Affidavit of Thomas H. Boyd ("Boyd Aff.") at ¶ 2 & Ex. A.

## ARGUMENT

RCIS seeks to intervene in the above-captioned consolidated litigation based upon Rule 24(b) of the Federal Rules of Civil Procedure which states, in pertinent part, as follows:

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2005). RCIS' request to intervene fits squarely within the express terms and underlying purposes of Rule 24(b).

RCIS seeks to intervene so as to assert claims for indemnification and other relief against the FCIC that are identical to those claims asserted and relief sought by all of the third-party plaintiffs in the above-captioned consolidated litigation. Indeed, RCIS' proposed Complaint in Intervention expressly seeks to join in the consolidated and amended claims that the existing Defendants intend to assert and pursue against the FCIC once the stay has been lifted. Boyd Aff. at ¶ 2 & Ex. A.

The questions of fact and law raised in connection with RCIS' claims are by definition identical to those raised by the existing Defendants against the FCIC. Id. Presumably, the questions of fact and law raised by the FCIC's defenses to these claims for indemnification will likewise be the same as those asserted by FCIC to the claims brought by Defendants.

Moreover, because the third-party claims against the FCIC have been and continue to be stayed in their entirety, RCIS' intervention in the above-captioned consolidated litigation will cause absolutely no delay nor prejudice of any sort to any of the parties in these proceedings.

Therefore, RCIS requests the Court to exercise its discretion in granting its Motion to Intervene in the above-captioned consolidated litigation.

**CONCLUSION**

Based on the foregoing, RCIS respectfully requests the Court to grant its Motion to Intervene to assert claims for indemnification and other relief against the FCIC in the above-captioned consolidated litigation.

Dated: April 26, 2005

By: s/Thomas H. Boyd

Thomas H. Boyd, #200517
Matthew D. Spohn, #0313567
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402-4629
612-604-6400/telephone
612-604-6800/facsimile
tboyd@winthrop.com
mspohn@winthrop.com

and

P. John Owen, Esq.
NATIONAL CROP INSURANCE SERVICE, INC.
8900 Indian Creek Parkway
Suite 600
Overland Park, Kansas 66210-1567
913-685-5425/telephone
913-685-3080/facsimile
johno@ag-risk.org

Attorneys for Rural Community Insurance Services

2285144v1