UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re 2000 Sugar Beet Crop Insurance Litigation | No.: 01-CV-1629<br><br>**STIPULATION FOR ORDER GRANTING RURAL COMMUNITY INSURANCE SERVICES LEAVE TO INTERVENE** |

The parties, as identified below and through their respective attorneys of record, hereby stipulate to entry of an Order by the District Court in accordance with the terms hereof.

As used herein, third-party plaintiffs constitute the following defendants in the consolidated cases (identified by original case numbers) pending in this Court as In Re 2000 Sugar Beet Crop Insurance Litigation: Rain and Hail LLC, Agri General Insurance Company, and ACE Property & Casualty Insurance Company (defendants in 01-CV-1629); IGF Insurance Company in Liquidation (defendant in 01-CV-1630); Hartford Insurance Company of the Midwest (defendant in 01-CV-1632); American Growers Insurance Company in Liquidation (defendant in 01-CV-1633); Great American Insurance Company (defendant in 01-CV-1634); Farm Bureau Mutual Insurance Company (defendant in 01-CV-1635); Farmers Alliance Mutual Insurance Company and The Alliance Insurance Company (defendants in 01-CV-1636); and NAU Country Insurance Company, Mountain States Insurance Company, and Ag Force Insurance Services, Inc. (defendants in 02-CV-0985).

As used herein, third-party defendant refers to the Federal Crop Insurance Corporation ("FCIC").

All third-party claims subject to this stipulation assert statutory claims for indemnification against third-party defendant FCIC brought under 7 U.S.C. § 1508(j)(3). All

such claims originally were dismissed by the District Court in a decision reported at 228 F. Supp. 2d 999 (D. Minn. 2002), which subsequently was reversed and remanded under the case name National Crop Ins. Servs., Inc. v. Federal Crop Ins. Corp., 351 F.3d 346 (8th Cir. 2003). Following reversal and remand, the District Court entered its order on June 16, 2004, reinstating all third-party claims, but staying their prosecution pending resolution of the original plaintiffs' claims against third-party plaintiffs.

On May 9, 2005, the Court entered a stipulated order lifting the stay as of May 16, 2005, upon which date the third-party claims are deemed to be reinstated on the active docket of this Court, directing Third-Party Plaintiffs to file and serve, within five business days following reinstatement of the third-party claims, their Consolidated and Amended Third-Party Complaint, and granting the FCIC until August 5, 2005, in which to answer, move, or otherwise respond to the Consolidated and Amended Third-Party Complaint.

Rural Community Insurance Services ("RCIS"), like the Third-Party Plaintiffs, was a provider of crop insurance under the federal multiple peril crop insurance program ("MPCI") in accordance with the terms of the MPCI policies authorized by the federal government, published as regulations of the United States, and reinsured by the FCIC. RCIS was named as a defendant by certain insureds in litigation that arose from similar factual allegations and legal claims in, and that was originally removed at the same time as, the above-captioned consolidated cases that were removed from state court to this Court. However, the case involving RCIS, which had been assigned docket number 01-CV-1688, was remanded back to state court before RCIS had asserted any claim for indemnification against the FCIC. The dispute between RCIS and its insureds has since been resolved, and RCIS now wishes to assert claims for indemnification directly against the FCIC as part of the above-captioned consolidated litigation.

Accordingly, RCIS brought a Motion to Intervene in the above-captioned consolidated litigation, with the request that it be permitted to file a Complaint in Intervention that expressly seeks to join in the consolidated and amended claims that the existing Third-Party Plaintiffs intend to assert and pursue against the FCIC in accordance with the order entered by the Court in this matter on May 9, 2005.

NOW, THEREFORE, based upon the foregoing, the parties hereby stipulate to an order by this Court that provides as follows:

1. RCIS shall be granted leave to intervene and file a Complaint in Intervention similar to the pleading attached as Exhibit A to the Affidavit of Thomas H. Boyd which was filed on or about April 26, 2005, in support of RCIS' Motion to Intervene;

2. The FCIC's stipulation to an order granting RCIS leave to intervene in this matter will not be deemed to constitute a waiver of any rights or affirmative defenses it would otherwise have had available to it if RCIS had commenced a separate, direct action against the FCIC rather than asserting its claims against the FCIC as intervener in the above-consolidated litigation; and

3. The FCIC shall have until August 5, 2005 in which to either answer, move, or otherwise respond to RCIS' Complaint in Intervention.

Dated: May 18, 2005

By: s/Thomas H. Boyd

Thomas H. Boyd, #200517
Matthew D. Spohn, #0313567
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402-4629
612-604-6400/telephone
612-604-6800/facsimile
tboyd@winthrop.com
mspohn@winthrop.com

and

P. John Owen, Esq.
NATIONAL CROP INSURANCE
SERVICE, INC.
8900 Indian Creek Parkway
Suite 600
Overland Park, Kansas 66210-1567
913-685-5425/telephone
913-685-3080/facsimile
johno@ag-risk.org

Attorneys for Third-Party Plaintiffs

Dated: May 17, 2005

By: s/Friedrich A.P. Siekert

Friedrich A. P. Siekert, #0142013
Assistant U.S. Attorney
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600
fred.siekert@usdoj.gov

Attorneys for Third-Party Defendant
Federal Crop Insurance Corporation,
U.S. Department of Agriculture

2318102v1