UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: 2000 Sugar Beet Crop Insurance Litigation | No.: 01-CV-1629<br><br>**ANSWER TO CONSOLIDATED AND SECOND AMENDED THIRD-PARTY COMPLAINT** |

Third-Party Defendant Federal Crop Insurance Corporation ("FCIC") an agency within the United States Department of Agriculture (the "USDA") for its answer to the Consolidated and Second Amended Third Party Complaint (the "third party complaint") states and alleges as follows:

**FIRST DEFENSE**

The FCIC denies the material allegations of the third party complaint except to the extent any allegation is specifically admitted hereafter.

**SECOND DEFENSE**

For its answers to the numbered paragraphs of the third party complaint, the FCIC states as follows:

1. The FCIC admits the allegations in paragraph 1.

2. The FCIC admits the allegations in paragraph 2.

3. The FCIC denies the allegations in paragraph 3, except the FCIC admits the third-party plaintiffs were sued by the plaintiffs in 2001 for losses to their crop year 2000 sugar beet crops. The FCIC avers the allegations made in the complaints filed in

those cases are part of the court record and the documents speak for themselves and are the best evidence of their contents.

4. The FCIC denies the allegations in paragraph 4, except the FCIC admits the third party plaintiffs denied liability, asserted affimative defenses, demanded arbitration, that an arbitration took place between the plaintiffs and the third-party plaintiffs, and that the arbitration panel ultimately found in favor of the plaintiffs on at least some of plaintiff's claims. The FCIC avers that, with respect to issues or defenses asserted by the third-party plaintiffs, findings made by the arbitration panel, and whether third-party plaintiffs have fully discharged their obligations to plaintiffs pursuant to settlement agreements, such matters are the subject of documents which speak for themselves and are the best evidence of their contents. The FCIC is without knowledge or information sufficient to form a belief as to the truth of the allegation that the third party plaintiffs have fulfilled all their obligations under their settlement agreements.

5. With respect to the allegations contained in paragraph 5, FCIC admits the FCIC is an agency of and within the United States Department of Agriculture; however, the remaining allegations contained in paragraph 5 constitute conclusions of law, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

6. Answering paragraph 6, the FCIC admits this action arises under the laws of the

United States. The FCIC avers the remaining allegations contained in paragraph 6 constitute conclusions of law, to which no answer is required; however, to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law, to which no answer is required; however, to the extent that they may be deemed allegations of fact, they are denied.

8. The FCIC denies the allegations contained in paragraph 8, except the FCIC admits that third-party plaintiffs invoked section V.Y of the Standard Reinsurance Agreement (SRA) in a letter dated March 7, 2001, scheduled a meeting with the Risk Management Agency, and the requested meeting took place on March 28, 2001. The FCIC further avers the SRA speaks for itself.

9. The allegations contained in the opening paragraph of paragraph 9 are admitted. The allegations contained in paragraph 9(a) are admitted. The FCIC denies the allegations in paragraph 9(b), except the FCIC admits that approved insurance providers, such as the third-party plaintiffs, sell and service MPCI policies, are the direct insurers of the policies, bear part of the risk of losses thereunder with FCIC, share potential underwriting gains and losses with FCIC in accordance with the SRA, and receive a subsidy from FCIC to cover administrative and operating expenses. The allegations contained in paragraph 9(c) are denied. All other allegations not admitted herein are denied.

10. The allegations contained in paragraph 10 constitute conclusions of law, to which no answer is required, as the statute speaks for itself and is the best evidence of its contents; however, to the extent that the allegations may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute conclusions of law, to which no answer is required, as the statute speaks for itself and is the best evidence of its contents; however, to the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

12. The allegations contained in paragraph 12 constitute conclusions of law, to which no answer is required, as the statute speaks for itself and is the best evidence of its contents; however, to the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law, to which no answer is required, as the statute speaks for itself and is the best evidence of its contents; however, to the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law, to which no answer is required, as the statute speaks for itself and is the best evidence of its contents; however, to the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

15. Answering paragraph 15, the FCIC admits only that with regard to the allegations contained in the first sentence of paragraph 15, FCIC admits that it reinsures defined portions of the underwriting risks of private insurers. The remaining allegations contained in paragraph 15 concerning the regulations constitute conclusions of law to which no answer is required as the regulation speaks for itself and is the best evidence of its content; however, to the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

16. The FCIC admits the allegations in paragraph 16.

17. The allegations contained in paragraph 17 constitute conclusions of law to which no answer is required, as the basic provisions published in the Federal regulations speak for themselves and are the best evidence of their content; however, to the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law, to which no answer is required as the crop provisions published in the Federal regulations speak for themselves and are the best evidence of their content; however, to the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law to which no

answer is required, as the basic provisions and crop provisions published in the Federal regulations speak for themselves and are the best evidence of their content; however, to the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

20. The allegations contained in paragraph 20 concerning the regulations constitute conclusions of law to which no answer is required as the regulations speak for themselves and are the best evidence of their content. To the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

21. The allegations contained in paragraph 21 concerning the regulations constitute conclusions of law to which no answer is required. The regulations speak for themselves and are the best evidence of their content. To the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

22. The allegations contained in paragraph 22 concerning the regulations constitute conclusions of law to which no answer is required. The regulations speak for themselves and are the best evidence of their content. To the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

23. The FCIC is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 23.

24. The FCIC denies the allegations in paragraph 24.

25. The FCIC denies the allegations in paragraph 25.

26. The FCIC denies the allegations in paragraph 26.

27. The FCIC denies the allegations contained in paragraph 27 and avers the findings of the arbitration panel speak for themselves.

28. The FCIC denies the allegations contained in paragraph 28 and avers the findings of the arbitration panel speak for themselves.

29. The FCIC denies the allegations in paragraph 29.

30. The FCIC denies the allegations in paragraph 30

31. The allegations contained in the opening paragraph of paragraph 31 are denied. The allegations contained in 31(a), 31(b), 31(c), and 31(d) are denied except to the extent they contain accurate quotes from the cited compliance review. All other allegations not admitted herein are denied.

32. The FCIC denies the allegations of paragraph 32, except the allegation contained in the first sentence of the opening paragraph of paragraph 32 is admitted to the extent that the statement is accurately quoted from the cited manager's bulletin, which is the best evidence of its contents; with regard to the allegations contained in paragraph 32(a), FCIC admits that the Compliance Review was completed at least two weeks prior to issuance of MGR-01-010; with regard to the allegations contained in

paragraph 32(b), FCIC admits that it was a litigant in A.W.G. Farms, Inc. v. FCIC and that the case was brought by sugar beet growers in the 1980's against FCIC, when it was a direct insurer, regarding damage to sugar beets that were subjected to the same sort of freeze-thaw cycle as described in MGR-01-010, and the FCIC admits that it had knowledge of the A.W.G. Farms case in 1984-85, since it was a party to the suit.

33. The FCIC denies the allegations in paragraph 33.

34. The FCIC denies the allegations in paragraph 34, except the FCIC admits MGR-01-010 was issued on June 5, 2001 in response to requests made by reinsured companies. The FCIC further avers that the A.W.G. Farms case speaks for itself.

35. The FCIC denies the allegations in paragraph 35 except to aver that MGR-01-010.1, the manager's bulletin, speaks for itself.

36. The FCIC denies the allegations in paragraph 36.

37. The FCIC denies the allegations contained in paragraph 37 and avers that the arbitration panel findings speak for themselves.

38. The FCIC denies the allegations in paragraph 38.

39. The allegations contained in paragraph 39 constitute conclusions of law to which no answer is required as the regulations (policy provisions) and the statute speak for themselves ; however, to the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

40. The FCIC is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 40.

41. Answering paragraph 41, the FCIC denies the allegations except to the extent they correctly cite the findings of the arbitration panel which findings speak for themselves and to the extent that the allegations are not contained in the findings, FCIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42. The FCIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. The FCIC denies the allegations in paragraphs 43, 43(a), 43(b), 43(c), 43(d) and 43(e) are denied. The remaining allegations contained in the very last paragraph constitute conclusions of law, to which no answer is required as the statute speak for itself; however, to the extent that the allegations may be deemed allegations of fact, they are denied. All other allegations not admitted herein are denied.

44. The allegations contained in paragraph 44 constitute legal arguments and conclusions of law, to which no answer is required as the regulations (crop provisions) speak for themselves; however, to the extent that the allegations may be deemed allegations of fact, they are denied. The allegations contained in 44(a) and 44(b) are denied.

45. The allegations contained in paragraph 45 constitute conclusions of law to which no answer is required as the regulations (crop provisions) speak for themselves; however, to the extent that the allegations may be deemed allegations of fact, they are denied.

46. The FCIC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and the FCIC avers that the arbitration panel's findings speak for themselves.

47. The FCIC admits the allegations in paragraph 47.

48. The FCIC denies the allegations in paragraph 48 except to aver the findings made by the arbitration panel speak for themselves.

49. The FCIC denies the allegations in paragraph 49.

50. The allegations contained in paragraph 50 constitute legal arguments and conclusions of law to which no answer is required as the regulations (policy provisions) speak for themselves; however, to the extent that the allegations may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute legal arguments and conclusions of law, to which no answer is required as the regulations (policy provisions) speak for themselves; however, to the extent that the allegations may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52, 52(a), 52(b), and 52(c) constitute legal arguments and conclusions of law to which no answer is required as the regulations (policy provisions) and the statute speak for themselves; however, to the extent that the allegations may be deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53, 53(a), and 53(b) constitute legal arguments

and conclusions of law to which no answer is required. Further, MGR-01-010 speaks for itself and is the best evidence of its contents. To the extent that the allegations may be deemed allegations of fact, they are denied.

54. The FCIC denies the allegations in paragraph 54, except the FCIC admits that the Sugar Beet Crop Insurance Provisions were amended and published in the Federal Register on December 2, 1997 and December 10, 1997.

55. The FCIC denies the allegations in paragraph 55.

56. The FCIC denies the allegations in paragraph 56.

57. The allegations after the word WHEREFORE contain the third party plaintiffs' prayer for relief to which no answer is required; however, to the extent an answer is deemed required, the FCIC denies the allegations.

**AFFIRMATIVE DEFENSES**

1. The Court lacks subject matter jurisdiction over some if not all the claims in the third party complaint except to the extent that Congress has waived sovereign immunity, for failure to exhaust administrative remedies, and/or other reasons.

2. The third party complaint fails to state a claim upon which relief can be granted.

3. The claim is barred in whole or in part under the doctrines of accord and satisfaction, arbitration and award, discharge in bankruptcy/receivership, estoppel, failure of consideration, laches, payment, release, res judicata, and/or waiver.

4. The damages alleged in the third party complaint were caused, in whole and/or in

part, by the acts and/or omissions of the third party plaintiffs themselves and not by the FCIC and, therefore, their claim is barred. In the alternative, the acts and/or omissions of the third party plaintiffs themselves contributed to their claimed losses and, therefore, any recovery should be reduced in proportion to their contributory fault.

5. Plaintiffs are not entitled to any prejudgment interest or post-judgment interest except as specifically provided by federal law.

Date: 8/17/05

THOMAS B. HEFFELFINGER
United States Attorney

s/Friedrich A. P. Siekert

BY: FRIEDRICH A. P. SIEKERT
Assistant U.S. Attorney
Attorney ID No. 142013
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Attorneys for the Third Party Defendant