**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In Re 200 Sugar Beet Crop Insurance Litigation, | ) ) ) ) | Civil No. 01-1629 JMR/FLN |

# RULE 26(f) REPORT

Defendants and third-party plaintiffs Rain and LLC, et al. ("third-party plaintiffs") and third-party defendant Federal Crop Insurance Corporation ("FCIC"), through their respective counsel identified below, participated in meetings held January 14, May 17 and 23, and October 17 and 24, 2005, to discuss the parties' claims and defenses, settlement prospects, and discovery planning.

The pretrial conference in this matter is scheduled for November 1, 2005, at 9:30 a.m. before United States Magistrate Judge Franklin L. Noel in Suite 9W, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415. The parties do not request that the pretrial be held by telephone.

A. Description of Case

1. Summary of Third-party Plaintiffs' Claims: There are fifteen third-party plaintiffs. They are asserting statutory indemnification claims against the FCIC pursuant to 7 U.S.C. § 1508(j)(3). This statute permits approved insurance providers, such as plaintiffs, the right to full indemnity for all damages incurred, including costs and reasonable attorneys' fees, when they have incurred losses as a result of errors or omissions of the FCIC. More particularly, third-party plaintiffs are asserting errors and omissions of the following types: (a) issuance by FCIC of two Manager's Bulletins, specifically MGR-01-010 and MGR-01-010.1, as set more fully alleged in ¶¶ 23 – 38 of their Consolidated and Second Amended Third-Party Complaint

("Amended Complaint"); (b) FCIC's "good farming practices" errors and omissions arising by reason of its failures to define appropriately such practices with respect to harvesting and storing sugar beets, as more fully alleged in ¶¶ 39 – 44 of the Amended Complaint; (c) FCIC's loss determination errors and omissions, in particular, those which permitted the Arbitration Panel hearing the claims of plaintiff beet growers to find that processed sugar beets are compensable as if they had been rejected by, instead of processed by, the plaintiffs' processor, as more fully alleged in ¶¶ 45 – 49 of the Amended Complaint; and (d) FCIC's commingling errors and omissions, by which it permitted the losses allegedly suffered by the plaintiff beet growers to be compensated despite their beets' individual loss of identity and commingling with other beets, thus depriving third-party plaintiffs of their right to appraise losses on a policyholder-by-policyholder basis, as more fully alleged in ¶¶ 50 – 55 of the Amended Complaint. The foregoing represents only a capsulized summary of third-party plaintiffs' claims, and they rely on the Amended Complaint for a complete description of them.

2. Summary of FCIC's Claims/Defenses: The FCIC denies the material allegations of the third party complaints and has raised a number of affirmative defenses.

3. Statement of Jurisdiction: This action arises under the laws of the United States. Plaintiffs allege the Court has subject matter jurisdiction pursuant to 7 U.S.C. § 1506(d) and 28 U.S.C. §§ 1331 and 1337(a). The FCIC has raised subject matter jurisdiction as an affirmative defense under the doctrines of sovereign immunity, exhaustion of administrative remedies, and otherwise.

4. Summary of Factual Stipulations or Agreements: No factual stipulations or agreements have been reached, but the parties believe that, with reasonable diligence, they will be able to stipulate to numerous core facts.

5. Statement of Whether a Jury Trial Has Been Demanded: No party has demanded a jury trial. The parties' claims and defenses, moreover, are not triable by jury. See 28 U.S.C. § 2402.

B. Pleadings

1. Status: All process has been served, FCIC has answered, and no party anticipates adding any additional parties to this action.

2. Amendments: All hearings on any motions to amend the existing pleadings shall be filed on or before February 28, 2006.

C. Discovery Limitations

1. Recommendations: The parties agree and recommend that the Court limit the use and numbers of discovery procedures as follows:

(A) Initial interrogatories – no more than twenty-five (25) contention interrogatories, with as many as five (5) subparts each, per side (25 for all third-party plaintiffs collectively and 25 for FCIC) and no more than three (3) additional interrogatories directed to each party separately that seek specific party information;

(B) Document requests – no limit;

(C) Factual depositions – no more than twenty-five (25) per side plus one Rule 30(b)(6) deposition at which a party is requested to appear;

(D) Requests for admissions – no limit;

(E) Rule 35 medical examinations – none; and

(F) Other – the parties believe that disclosure and discovery in this matter should be sequenced and, therefore, make the following additional recommendations:

(1) Rule 26(a)(1) disclosures should be completed as follows:

(a) Substantial disclosures under Rule 26(a)(1)(C) already have been made by plaintiffs; updated disclosures by plaintiffs shall be made on or before October 31, 2005, and final disclosures by plaintiffs shall be completed on or before November 30, 2005.

(b) Disclosures by all parties under Rules 26(a)(1)(A) and (B) shall be completed on or before December 16, 2005; and

(c) Disclosures under Rule 26(a)(1)(D) are inapplicable in this matter.

(2) Initial interrogatories and document requests shall be served on January 13, 2006.

(3) No depositions of any sort shall be taken prior to April 3, 2006, so that such testimony follows disclosures to be made, document productions, and interrogatory answers.

(4) Witnesses whose testimony has been taken in the underlying proceedings may be deposed, but only following the depositions of other persons giving non-expert depositions.

(5) Supplemental interrogatories, limited to ten (10) per side with as many as three (3) subparts each, may be served at any time prior to June 30, 2006; other interrogatories may be served only by agreement of the parties or with leave of Court.

2. Other. Substantial discovery occurred in the underlying claims of the plaintiff beet growers, and those proceedings included a month long arbitration hearing at which

testimony was taken. To the extent reasonably possible, the parties shall endeavor to reach stipulations regarding that discovery and evidence on or before December 31, 2005, in order to avoid repetitive discovery and to conduct expeditious discovery in this matter.

D. Discovery Schedule/Deadlines

1. Recommendations. The parties recommend establishing August 31, 2006, for completion of non-expert discovery.

2. Other. No Rule 35 medical examinations will be taken.

E. Experts

The parties anticipate that they will require expert witnesses at time of trial.

1. Third-party plaintiffs. Third-party plaintiffs anticipate calling six experts in the fields of:

(A) Insurance policy development;

(B) Crop insurance loss adjustment practices;

(C) Moral hazard avoidance;

(D) Good farming practices for harvesting and storing sugar beets;

(E) Reasonableness of defense costs and attorneys' fees; and

(F) Damages (assuming no stipulation with FCIC is reached).

2. FCIC. FCIC anticipates calling experts in the same fields of endeavor.

3. Local Rule 26.3(a) Option. The parties have discussed expert disclosures and discovery. Their plan is set forth in the next paragraph proposing deadlines for identification, disclosure, and discovery of experts.

4. Expert deadlines. The following disclosure and discovery deadlines regarding expert opinions are recommended:

(A) The parties shall identify their experts as follows:

(1) Third-party plaintiffs by September 15, 2006;

(2) FCIC by October 16, 2006.

(B) Expert reports shall be exchanged as follows:

(1) Third-party plaintiffs by October 16, 2006;

(2) FCIC by November 30, 2006.

(C) Expert depositions shall be taken on or after November 30, 2006, and completed on or before December 31, 2006.

F. Motion Schedule

The parties recommend that the deadline for filing dispositive motions should be set at February 28, 2007.

G. Trial Ready Date

The parties will be ready for trial at the later of the following dates: April 30, 2007, or sixty (60) days following rulings on dispositive motions.

H. Insurance Carriers/Indemnifications

Not applicable.

I. Settlement

1. Prior discussions. The parties, through counsel, have met in person to discuss settlement on at least four occasions (August 2002, December 2004, January 2005, and May 2005). They have exchanged a written demand and response.

2. ADR/Settlement conference. The parties have discussed alternative dispute resolution options. They agree that mediation by a mutually acceptable neutral may be appropriate, but that arbitration is not appropriate. The parties have targeted November 30,

2005, as the date by which to agree upon the selection of a mediator and the scheduling of such a mediation. The parties will continue to confer so as to be able to confirm that deadline when they meet with the Court for the Rule 16 conference on November 1, 2005. In the event that mediation does not result in the settlement of the case, or in the event the parties cannot reach agreement as to the selection of a mediator and/or the scheduling of a mediation, the parties believe a settlement conference would be appropriate and should be scheduled by the Court before February 1, 2006. Senior representatives of the parties with full settlement authority (in addition to counsel) should be ordered to attend. United States Department of Justice senior officials who must concur with or approve a settlement at particular levels shall not be considered parties for purposes of attendance at such a settlement conference. This settlement conference should be chaired by a United States District Judge or Magistrate Judge who (a) will not hear any dispositive or other motion and (b) will not try this case.

J. Trial by Magistrate Judge

The parties have not agreed to consent to jurisdiction by a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Dated: October 26, 2005

By: s/Thomas H. Boyd

Thomas H. Boyd, #200517
Matthew D. Spohn, #0313567
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402-4629
612-604-6400/telephone
612-604-6800/facsimile
tboyd@winthrop.com
mspohn@winthrop.com

and

P. John Owen, Esq.
NATIONAL CROP INSURANCE SERVICE, INC.
8900 Indian Creek Parkway
Suite 600
Overland Park, Kansas 66210-1567
913-685-5425/telephone
913-685-3080/facsimile
johno@ag-risk.org

Attorneys for Third-Party Plaintiffs

Dated: October 25, 2005

By: s/Friedrich A.P. Siekert
Friedrich A. P. Siekert, #0142013
Assistant U.S. Attorney
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600
fred.siekert@usdoj.gov

Attorneys for Third-Party Defendant Federal Crop Insurance Corporation, U.S. Department of Agriculture

2522627v1